UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

TARIK D. TATE,

    Plaintiff,

v.                           3:09-cv-556

ANDERSON COUNTY DETENTION
FACILITY, et al.,

    Defendants.

## **MEMORANDUM AND ORDER**

The court is in receipt of a *pro se* prisoner's civil rights complaint under 42 U.S.C. § 1983 and an application to proceed *in forma pauperis*. It appears from the application that the plaintiff lacks sufficient financial resources to pay the $350.00 filing fee. Accordingly, pursuant to 28 U.S.C. § 1915(b)(4), the Clerk is **DIRECTED** to file this action without the prepayment of costs or fees or security therefor as of the date the complaint was received. However, for the reasons stated below, process shall not issue and this action is **DISMISSED**.

Plaintiff is incarcerated in the Anderson County Detention Facility. The defendants are the facility itself, the Sheriff of Anderson County, Tennessee; 30 employees of the; Anderson County Detention Facility; and the District Public Defender.

Plaintiff's complaint consists of some eleven handwritten pages, in which he complains of various and numerous slights he has received from the employees at the detention facility since May 13, 2009. A few of plaintiff's complaints could conceivably rise to the level of a constitutional violation, but the vast majority do not. This court is aware that plaintiff is proceeding *pro se* and is unfamiliar with the intricacies of the legal system. However, he must nonetheless comply with Rule 8 of the Federal Rules of Civil Procedure, which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." One purpose of this rule is to enable a defendant to reasonably respond to the complaint, and plaintiff's complaint fails in this regard.

In addition, plaintiff did not state in his complaint whether the Anderson County Sheriff and the employees of the Anderson County Detention Facility are being sued in their official capacity or individual capacity. Accordingly, the court must presume that the defendants have been sued in their official capacity only. *Wells v. Brown*, 891 F.2d 591 (6th Cir. 1989). That being so, the court must proceed as if plaintiff has in fact sued Anderson County, Tennessee. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985); *Brandon v. Holt*, 469 U.S. 464, 471 (1985); *Monell v. Department of Social Services of City of New York*, 463 U.S. 658, 690 n.55 (1978). Given that, in order to prevail plaintiff must demonstrate that the violation of his constitutional rights resulted from acts representing official policy or custom adopted by Anderson County, Tennessee. *Monell*, 463 U.S. at 690-91; *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1245-46 (6th Cir. 1989).

Plaintiff did not allege that the violation of his rights was the result of any policy or custom on the part of Anderson County. Accordingly, plaintiff's complaint fails to state a claim against the Anderson County Sheriff and the employees of the Anderson County Detention Facility. To the extent plaintiff has named the District Public Defender as a defendant, he is not subject to suit under § 1983. *See, e.g., Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Mulligan v. Schlachter*, 389 F.2d 231, 233 (6th Cir. 1968).

This action is **DISMISSED** *sua sponte*, for failure to state a claim upon which relief can be granted under § 1983. The court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

Because the plaintiff is an inmate in the Anderson County Detention Facility, he is herewith **ASSESSED** the civil filing fee of $350.00. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of the plaintiff's inmate trust account at the institution where he now resides is directed to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902, as an initial partial payment, whichever is greater of:

(a) twenty percent (20%) of the average monthly deposits to the plaintiff's inmate trust account; *or*

(b) twenty percent (20%) of the average monthly balance in the plaintiff's inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income (or income credited to the plaintiff's trust account for the

preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to send a copy of this Memorandum and Order to the Sheriff of Anderson County, Tennessee, and the county attorney for Anderson County, Tennessee, to ensure that the custodian of the plaintiff's inmate trust account complies with that portion of the Prison Litigation Reform Act relating to payment of the filing fee. The Clerk is further **DIRECTED** to forward a copy of this Memorandum and Order to the court's financial deputy.

**ENTER:**

    s/ Thomas W. Phillips
United States District Judge